IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN O. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIE WALSTED, ET AL.,<br><br>Defendants. | Cause No. CV 25-3-H-DWM<br><br><br>ORDER |

Two motions are pending before the Court. Plaintiff's motion for sanctions is denied. (Doc. 21.) Defendants' motion for a stay of the schedule is granted. (Doc. 24.)

I.  **MOTION TO COMPEL**

On August 11, 2025, Plaintiff John O. Miller moved for sanctions against Defendants' counsel. (Docs. 21 and 22.) Defendants responded. (Doc. 23.) The time has passed for Miller's reply brief, and the motion is ripe for ruling. L.R. 7.1(d)(1)(D). The motion is denied.

A.  Background

On July 30, 20225, Defendants moved for a protective order related to impending depositions. (Doc. 18.) Because the depositions were about to take place, the motion was ruled on, even though Miller had not filed a response brief.

1

(Doc. 19.) His objection was assumed. (Doc. 19 at 1.) The depositions were stayed, pending the identification of a new, mutually feasible date.

Miller's brief in support of his motion for sanctions details the discussions that followed his service of deposition subpoenas on Defendants Walsted and Salmonsen. (Doc. 22 at 1 – 3.) The main thrust of his argument, without legal citation, is that he gave Defendants two months to prepare for the dates he had chosen, and he considers Defendants' motion for a protective order an "ambush." (Doc. 22 at 3.) Miller "take[s] offense to Ms. O'Connor's description" of their deposition discussions. (Doc. 22 at 2.) He asserts she is "not being honest with the Court and is seriously misrepresenting [their] interactions." *Id.* Despite this general assertion, he does not identify any specific misrepresentation.

B. Analysis

Miller's motion seeks sanctions against defense counsel for "fraudulently misrepresenting" the parties' July 25, 2025 discovery discussions; an order to defense counsel to answer her phone and engage in discussions regarding discovery; and for the Court to stop denying Miller due process or recuse itself. (Doc. 21 at 2.)

Defendant counsel responds that Rule 11 does not apply to her previous motion. (Doc. 23 at 1 – 2.) She elaborates on the discussions she has had with Miller, the difficulties in scheduling and rescheduling the depositions in the midst

of an upheaval in staffing, and the reasons why Miller has had difficulty reaching her by phone. (Doc. 23 at 3 – 4.)

Fed. R. Civ. P. 11(d) states that "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and options under Rules 26 through 37." Defendants' counsel's motion was a Rule 26(c)(1)(B) motion for a protective order, and thus, on its face, not subject to Rule 11. But even if it is considered on the merits, Miller's motion must be denied.

"The Ninth Circuit has explained that "[s]anctions should be imposed if (1) after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is [or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law" or if (2) "a pleading [or other paper] has been interposed for any improper purpose." *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

The grounds for Miller's motion are, at most, that he believes Defendants' counsel O'Connor did not accurately reflect the nature or tone of their discussions, and that she made promises to him that she did not keep. (Doc. 22 at 2 – 3.) She was also difficult to reach by phone. He provides greater detail about their interactions, but he does not show that any statement she made was false. Miller

3

especially dislikes the fact that Defendants' motion for a protective order was ruled on before he had a chance to respond. (Doc. 21 at 3.) (Miller proffers that there has been a pattern of premature rulings in this case, but a review of the docket does not confirm that suspicion.)

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Miller has not carried his burden to show that defense counsel's filing was not well-grounded in fact, rather than merely a subjective recitation of one side of a disagreement about how something should be scheduled. Nor has he shown her motion was interposed for any improper purpose. The parties disagreed about timing. Miller believed no change in schedule was justified and was frustrated at the delay and inconvenience. Defendants believed court intervention was required to resolve the dispute. None of this rises to the leave of sanctionable conduct. The motion is denied.

## II.   MOTION TO STAY SCHEDULING ORDER

Defendants have moved to stay the scheduling order to allow the parties to attempt to resolve this case. (Doc. 24.) Plaintiff does not object. The motion is granted.

Accordingly, it is HEREBY ORDERED:

1.   Plaintiff's motion for sanctions is DENIED. (Doc. 21.)

4

2.  Defendants' motion for a stay is GRANTED. (Doc. 24.) The pending deadlines in the Scheduling Order are vacated. (Doc. 8.) The parties shall notify the Court by December 22, 2025, whether a new Scheduling Order must be entered.

3.  At all times, Miller must apprise the Court of any change of address. Failure to do so may result in dismissal.

DATED this 23rd day of September, 2025.

_____
Donald W. Molloy, District Judge
United States District Court